17

MARK GORTON (SBN 099312)
THOMAS G. MOUZES (SBN 099446)
BASHAR AHMAD (SBN 258619)
**BOUTIN JONES INC.**
Attorneys at Law
555 Capitol Mall, Suite 1500
Sacramento, CA 95814
Phone: 916.321.4444
Fax: 916.441.7597
Email: mgorton@boutinjones.com
tmouzes@boutinjones.com

Special Counsel for Chapter 7 Trustee
Kimberly Husted

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| In re<br><br>STUART LANSING SMITS,<br><br>Debtor.<br><br>_____<br><br>JOHNNY VALENSIN, an individual dba Justified Financial Ventures, LLC; Justified Financial Ventures, LLC, a CA limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC COAST EXPLORATION, LLC, a California limited liability company; LESTER CUFAUDE; STUART SMITS; DOES 1 to 10,<br><br>Defendant. | **Case No. 2011-34464-A-7**<br><br><br><br><br><br><br>Adv. Proc. No. 14-02081<br><br>**ANSWER TO COMPLAINT**<br><br>Date: N/A<br>Time: N/A<br>Location: N/A<br>Judge: Honorable Michael S. McManus |

1
ANSWER TO COMPLAINT

598986.1B

Kimberly J. Husted, Chapter 7 Trustee ("Trustee"), answers Plaintiffs Johnny Valensin's and Justified Financial Ventures, LLC's (sometimes collectively "Plaintiffs") Complaint filed on October 11, 2013, in Sutter County Superior Court, and removed to this Court on March 17, 2014, as follows:

## JURISDICTION AND VENUE

1. On June 9, 2011, Debtor Stuart Lansing Smits ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of California Bankruptcy Court. On February 8, 2012, the case was converted to Chapter 7 and Trustee was appointed Chapter 7 trustee and remains Chapter 7 trustee. The bankruptcy case has not been closed.

2. Trustee is informed that on or about October 11, 2013, Johnny Valensin and Justified Ventures, LLC ("Plaintiffs") filed Case No. CV CS 13-1983 in the Superior Court of California, Sutter County ("State Court Action") against Pacific Coast Exploration, LLC ("Pacific"), Lester Cufaude ("Cufaude") and Debtor. The Complaint seeks to recover from Debtor on a pre-petition claim and against property of the bankruptcy estate.

3. Trustee is informed that on or about October 28, 2013, the Sutter County Superior Court entered a judgment in the State Court Action pursuant to a stipulation for entry of judgment wrongfully entered into by Plaintiffs, Pacific and Cufaude ("Stipulated Judgment"). The Stipulated Judgment was wrongfully entered in the sum of $755,478.84 against Pacific and Cufaude. Debtor was not a party to the Stipulated Judgment. The Stipulated Judgment occurred without the knowledge of or consent of Trustee, without the approval of the members of Pacific, without a noticed meeting of the members of Pacific, without compliance with applicable state law and without the approval of the Bankruptcy Court, on the eve of the trial in the state court action of Trustee against Pacific, Cufaude and others, and contrary to applicable law. Trustee is informed the judgment does not reflect an accurate amount and is not an arm's length transaction, that one of the Plaintiffs is not a creditor of the defendants, that the alleged debt at issue was converted to a working interest and not a debt at all and that the judgment was designed to attempt to squeeze out, diminish, dilute, defeat, exterminate and/or to exercise control over the bankruptcy estate's member interests in Pacific, increase the costs of this estate, defeat the claims of Trustee, and harass the bankruptcy

estate. *In re Allentown Ambassadors, Inc.,* 361 B.R. 422 (Bankr. E.D. Penn. 2007), and *In re McCabe*, 345 B.R.1 (D. Mass. 2006).

4. Debtor is the holder of a membership interest in Pacific Coast Exploration (one of the defendants who agreed to the entry of the Stipulated Judgment in the State Court Action). Debtor's membership interest in Pacific is the property of the Chapter 7 bankruptcy estate.

5. On February 27, 2014, Trustee made demand upon the plaintiffs in the State Court Action, a copy of which is attached hereto as <u>Exhibit A</u>, which has been refused to date.

6. Because the State Court Action involves a prepetition claim and also involves Debtor's membership interest in Pacific, which is the property of the Chapter 7 estate and involves the automatic stay, Trustee alleges the State Court Action is a civil proceeding which involves a prepetition claim, the automatic stay, and property of the Chapter 7 estate. Specifically, the Stipulated Judgment directly adversely affects the value of Debtor's membership interest in Pacific, violates the automatic stay, affects property of the estate, and the Complaint seeks recovery on a prepetition claim.

7. 28 U.S.C. Section 1452(a) provides in pertinent part that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. Section 1334(b) provides that district court shall have jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. Section 1334(e) provides in pertinent part that the district court in which the case under title 11 is commenced or is pending shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate." Pursuant to a General Order of the United States District Court for the Eastern District, all cases under Title 11 United States Code, and all proceeding arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of the Eastern District. Trustee is informed and believe and on that basis alleges, the State Court Action encompasses and affects a prepetition claim, the automatic stay and property which is property of the estate. Accordingly, the bankruptcy court has jurisdiction over this case.

Filed 03/24/14    Case 14-02081    Doc 12

8. On February 18, 2014, Trustee received a copy of the Complaint filed in the State Court Action. Pursuant to 28 U.S.C. Section 1452(a) and FRBP 9027(a)(1), on March 17, 2014, Trustee filed her Notice of Removal. The Notice of Removal is timely pursuant to FRBP 9027(a)(3) because it was filed within 30 days of Trustee's receipt of the Complaint. Removal to this Court is proper because it is the district and the division where the State Court Action is pending.

9. Trustee asserts that this proceeding is a core proceeding under 28 U.S.C. Section 157(b)(2)(A) and (O). To the extent this proceeding is a non-core proceeding under 28 U.S.C. Section 157 or related to a case under Title 11 United States Code, Trustee consents to entry of final orders or judgment by the bankruptcy judge.

10. As required by FRBP 9027(b), on or about March 19, 2014, Trustee served a copy of the Notice of Removal upon all parties in the State Court Action and as required by FRBP 9027(c), Trustee filed a copy of the Notice of Removal with the Clerk of the Sutter County Superior Court, where the State Court Action is currently pending, and provided written notice of the filing of the Notice of Removal to all parties in this action, by and through their counsel, or if not represented, individually to their last known address.

## RESPONSE TO COMPLAINT

11. Answering paragraph 1, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every, and all allegations contained therein.

12. Answering paragraph 2, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every, and all allegations contained therein.

13. Answering paragraph 3 and its subparts, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained therein.

14. Answering paragraph 4 and its subparts, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies

generally and specifically, conjunctively and disjunctively, each, every and all allegations contained therein.

15. Answering paragraph 7 and its subparts, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained therein.

16. Answering paragraph 8, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained therein.

17. Answering paragraph 10, Trustee is without knowledge or information sufficient to form a belief as to the truth of the allegations made therein, and on that basis, denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained therein and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

18. Answering paragraph BC-1, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph BC-1, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

19. Answering paragraph BC-2, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph BC-2, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

20. Answering paragraph BC-3, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph BC-3, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

21. Answering paragraph BC-4, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph BC-4, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

22. Answering paragraph BC-5, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph BC-5, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

## SECOND CAUSE OF ACTION
### (Common Counts)

23. Answering paragraph CC-1, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained paragraph CC-1 in their entirety, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

24. Answering paragraph CC-2, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph CC-2, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

25. Answering paragraph CC-3, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations contained in paragraph CC-3, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

26. To the extent not expressly and affirmatively admitted herein, Trustee denies generally and specifically, conjunctively and disjunctively, each, every and all allegations of the Complaint, and each and every claim for relief or cause of action, whether in law, equity or otherwise, and further denies that Plaintiffs, or any of them, are entitled to any of the relief prayed for in the Complaint or any other relief whatsoever.

/ / /

598986.1B

## AFFIRMATIVE DEFENSES

(Each of the separate and distinct affirmative defenses hereinafter set forth has a descriptive heading. Such descriptive heading is for convenience only and it is not intended to limit the basis upon which any affirmative defense to the allegations of the Complaint is asserted.)

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

As a separate and affirmative defense to the Complaint and each and every claim for relief, the Complaint and each and every claim for relief thereof fails to constitute any claim for relief, whether in law, equity or otherwise.

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing/Real Party in Interest)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee alleges that Plaintiffs, and each of them, lack standing to institute and prosecute the relief encompassed by the Complaint and/or are not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

(Plaintiffs Not Creditors)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint, and each and every claim for relief thereof is barred, in whole or in part, as Plaintiffs, and each of them, are not creditors of the above entitled debtor or the bankruptcy estate or Pacific, and, if creditors, Plaintiffs, or any of them, do not have any allowed claims.

### FOURTH AFFIRMATIVE DEFENSE

(Privilege)

As a separate and affirmative defense to the Complaint and each and every claim for relief

598986.1B

and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of privilege.

### FIFTH AFFIRMATIVE DEFENSE

(Preemption)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of preemption.

### SIXTH AFFIRMATIVE DEFENSE

(Justification)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of justification.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of unclean hands or in pari delicto. Trustee is informed that on or about October 28, 2013, the Sutter County Superior Court entered a judgment in the State Court Action pursuant to a stipulation for entry of judgment wrongfully entered into by Plaintiffs, Pacific and Cufaude ("Stipulated Judgment"). The Stipulated Judgment

was wrongfully entered in the sum of $755,478.84 against Pacific and Cufaude. Debtor was not a party to the Stipulated Judgment. The Stipulated Judgment occurred without the knowledge of or consent of Trustee, without the approval of the members of Pacific, without a noticed meeting of the members of Pacific, without compliance with applicable state law and without the approval of the Bankruptcy Court, on the eve of the trial in the state court action of Trustee against Pacific, Cufaude and others, and contrary to applicable law. Trustee is informed the judgment does not reflect an accurate amount and is not an arm's length transaction, that one of the Plaintiffs is not a creditor of the defendants, that the alleged debt at issue was converted to a working interest and not a debt at all and that the judgment was designed to attempt to squeeze out, diminish, dilute, defeat, exterminate and/or to exercise control over the bankruptcy estate's member interests in Pacific, increase the costs of this estate and harass the bankruptcy estate. *In re Allentown Ambassadors, Inc.*, 361 B.R. 422 (Bankr. E.D. Penn. 2007), and *In re McCabe*, 345 B.R.1 (D. Mass. 2006).

### EIGHTH AFFIRMATIVE DEFENSE

(Prematurity)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of prematurity.

### NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Repose)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the applicable statute of limitations and/or statute of repose. The Complaint on its face reflects the alleged breach occurred in 2009 and is therefore barred.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, and while denying that Plaintiffs, or any of them, have incurred any damages, injuries or losses, Trustee is informed and believes and thereon alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as Plaintiffs, and each of them, have failed to act reasonably to mitigate, minimize or avoid his/her/its/their damages, injuries or loss, if any there be. As a result, any recovery or relief of Plaintiffs, or any of them, should be barred or reduced.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Speculative Injury)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, and while denying that Plaintiffs, or any of them, have incurred any damages, injuries or losses, Trustee is informed and believes and thereon alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as any damages, injuries, losses or other relief are speculative and without factual basis.

**TWELFTH AFFIRMATIVE DEFENSE**

(Adequate Remedies at Law)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as Plaintiffs, and each of them, have adequate remedies at law.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Excess of Authority)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as the relief sought by Plaintiffs in this adversary proceeding exceeds or is inconsistent with that authorized by the Bankruptcy Code and/or applicable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the lack of good faith of Plaintiffs and the other defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Equity)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by principles of equity and fairness.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Detriment, No Injury)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or

anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as there was no detriment or injury to Plaintiffs, or any of them, or to any creditor.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as Plaintiffs, and each of them, have failed to join indispensable parties and other persons needed for just determination.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Uncertainty)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as the allegations of the Complaint are uncertain.

### NINETEENTH AFFIRMATIVE DEFENSE

(Failure to Enforce Rights)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as Plaintiffs, and each of them, have failed to fully enforce his/her/its/their respective rights and/or remedies against other persons and entities.

///

**TWENTIETH AFFIRMATIVE DEFENSE**

(Consent)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of consent or acquiescence.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Estoppel and Judicial Estoppel)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrines of estoppel and/or judicial estoppel.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Laches)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by assumption of the risk.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate and affirmative defense to the Complaint and each and every claim for relief and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Settlement, Release and Novation)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrines of settlement and/or release and novation. Trustee is informed alleged indebtedness was converted to a working interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Duress)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for

relief thereof is barred, in whole or in part, by the doctrine of duress.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(One Who Seeks Equity, Must Do Equity)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, as one who seeks equity must do equity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Violation of the Automatic Stay)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs actions, including the filing of the Complaint, were in violation of the automatic stay.

### THIRTIETH AFFIRMATIVE DEFENSE

(Fraud)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs actions, including the filing of the Complaint and the Stipulated Judgment were fraudulent and part of a collusion.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Conspiracy)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or

anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs conspired with others to file the Complaint and the Stipulated Judgment and commit the wrongful acts complained of herein.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Collusion)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs colluded with others to file the Complaint and Stipulated Judgment and commit the wrongful acts complained of herein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Usury)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs' alleged loans were usurious and any damages, if any, suffered by Plaintiffs should be limited accordingly.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Penalty)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, because Plaintiffs' loans were an unlawful penalty and any damages, if any, suffered by Plaintiffs should be limited accordingly.

598986.1B

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Marshalling)

As a separate and affirmative defense to the Complaint and each and every claim for relief, and without pleading any admission concerning any matter and without admitting that Trustee or anyone else engaged in any of the alleged acts alleged by Plaintiffs, or any of them, Trustee is informed and believes and on that basis alleges that the Complaint and each and every claim for relief thereof is barred, in whole or in part, by the doctrine of marshalling.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Notice of Reservation of Additional Defenses)

Trustee gives notice that it may assert other defenses and other matters constituting an avoidance or affirmative defense including those set forth in Rule 8(c), Rule 9, Rule 12(b), and Rule 12(h) of the Federal Rules of Civil Procedure and the applicable Federal Rules of Bankruptcy Procedure, and will seek leave to amend this Answer to Complaint to allege such defenses of which the Trustee may become aware of during the course of further investigation, discovery, or trial in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Trustee respectfully requests:

A.   That Plaintiffs, and each of them, take nothing by their Complaint, and each and every claim for relief thereof, and that Plaintiffs' Complaint be dismissed with prejudice;

B.   That Trustee be awarded its costs and expenses, including reasonable attorneys' fees; and

C.   That Trustee be awarded such other costs and legal and equitable relief as justice may require.

Dated:  March 24, 2014

BOUTIN JONES INC.

By: _____
THOMAS G. MOUZES

Special counsel for Chapter 7 Trustee
Kimberly Husted